UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALLEN MARCE' FLEMING, JR.,

                     CASE NO. 2:09-CV-11795
      Plaintiff,      JUDGE DAVID M. LAWSON
                     MAGISTRATE JUDGE PAUL J. KOMIVES

v.

STATE OF MICHIGAN,

      Defendant,
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (Doc. Ent. 8),
DENYING PLAINTIFF'S MOTION FOR HARMLESS ERROR (Doc. Ent. 9); and
DENYING PLAINTIFF'S MOTION TO STRIKE (Doc. Ent. 19)**

**I.    OPINION**

**A.    Background**

It appears that Tallen Marce' Fleming purchased a 2001 Oldsmobile Alero in June 2005. Doc. Ent. 1 at 37-38. According to a Michigan License Plate Renewal Notice, Fleming's plate for this car was due to expire on November 24, 2007. Doc. Ent. 1 at 36.

On January 5, 2008, Tallen Marce' Fleming, Jr. received citations in Novi, Michigan, for registration and/or plate violation and no proof of insurance. Doc. Ent. 1 at 34-35. It appears that Fleming received another citation for no proof of insurance on February 1, 2008. Doc. Ent. 1 at 35. On March 3, 2008, he received a citation in Plymouth, Michigan for registration and/or plate violation. Doc. Ent. 1 at 34-35.

Two days later, on or about March 5, 2008, Fleming resigned from his job with Brinks, Inc., "due to an unlawful Plymouth, MI Police order about a prohibited driving privilege that caused compulsory damages." Doc. Ent. 1 at 27, 42. Shortly thereafter, on March 9, 2008,

Fleming's vehicle was confiscated in Plymouth, Michigan, and stored with Mayflower Auto Recovery. Doc. Ent. 1 at 40.[1] On or about March 27, 2008, the Plymouth Police Department notified the Secretary of State of the abandoned vehicle and it was noticed for public sale on Monday, October 27, 2008. Doc. Ent. 1 at 40-41.

On April 7, 2008, Fleming was assessed a $123.00 Driver Responsibility Fee (P948143) pursuant to Mich. Comp. Laws § 257.732a for the January 5, 2008 offense of no proof of insurance. Doc. Ent. 1 at 35; Doc. Ent. 19 at 8, 10. On April 15, 2008, he was assessed a $200.00 Driver Responsibility Fee (P975816) for what appears to have been the February 1, 2008 citation of no proof of insurance. Doc. Ent. 1 at 35; Doc. Ent. 19 at 8, 10.[2]

It appears that Fleming wrote to the State of Michigan Department of Attorney General. In a letter dated June 2, 2008, the Michigan Attorney General's Office informed Fleming, "[w]e sincerely regret our inability to provide assistance at this time." Doc. Ent. 1 at 19. In a letter dated June 16, 2008, the Michigan Attorney General's Office stated the same. Doc. Ent. 1 at 18.

On July 1, 2008, Fleming faxed materials to the Governor of the State of Michigan, Jennifer Granholm. Doc. Ent. 1 at 11. Apparently, these materials included a complaint alleging "municipal civil/criminal offenses enforced by the City of Novi, Michigan (52-1) District Court[;]" and "municipal civil offenses enforced by the City of Plymouth, Michigan (35th) District Court[.]" Doc. Ent. 1 at 2 ¶¶ 1-2.

---

[1] On or about March 25, 2008, the State of Michigan Department of Labor & Economic Growth Unemployment Insurance Agency determined that Fleming was disqualified for benefits under the Michigan Employment Security (MES) Act, Mich. Comp. Laws § 421.29(1)(A) and ineligible for benefits under the MES Act, Mich. Comp. Laws § 421.28(1)(C). Doc. Ent. 1 at 42.

[2] On or about May 13, 2008, the Agency affirmed and modified its determination. Doc. Ent. 1 at 43-44. On August 29, 2008, the Michigan Department of Human Services determined that Fleming was eligible for food assistance effective August 26, 2008. Doc. Ent. 1 at 45.

On October 31, 2008, the Novi, Michigan District Court (52-1) issued a bench warrant for Fleming's arrest based upon his failure to appear for an October 23, 2008 show cause hearing, apparently regarding the aforementioned Novi citations. Doc. Ent. 1 at 46. It appears that Fleming's driver's license was suspended on October 31, 2008 based upon his Plymouth citation and on December 24, 2008 based upon his Novi citations. Doc. Ent. 1 at 34-35.

During April 2009, Fleming was assessed a Category 2 Driver Responsibility Fee in the amount of $200 (Q948017), apparently regarding the January 5, 2008 offense of no proof of insurance. Doc. Ent. 1 at 33; Doc. Ent. 19 at 8, 10. Fleming was also assessed a Category 2 Driver Responsibility Fee in the amount of $200 (Q962006). Doc. Ent. 19 at 8, 10.

As of July 2, 2009, Fleming owed the State of Michigan $723 in Driver Responsibility Fees. Doc. Ent. 19 at 8, 10. On July 11, 2009, Fleming's account was referred to the Michigan Accounts Receivable Collection System (MARCS). Doc. Ent. 19 at 6-7. By a letter dated July 14, 2009, MARCS informed Fleming that "[t]o avoid further collection activity, send your payment in full along with a copy of the State's notice or a copy of this letter in the enclosed envelop immediately." Doc. Ent. 19 at 9. On July 27, 2009, Fleming was notified that, unless he took action, his driving privileges and license would be suspended from August 26, 2009 until he paid the Driver Responsibility Fee (Q948017). Doc. Ent. 21 at 2.

Fleming was arrested by the Royal Oak, Michigan Police on December 4, 2009. Doc. Ent. 21 at 1. On December 5, 2009, an order for custody was entered in the 52-1 District Court in Novi for the misdemeanor of failure to pay a $270.00 judgment for registration/plate and no proof of insurance violations. Doc. Ent. 21 at 5. Fleming was booked in the Oakland County Jail on the same day. Doc. Ent. 21 at 4. On December 8, 2009, Fleming was released for the

expired registration tabs and no proof of insurance offenses. The notice advises that the "[f]ine and costs have been paid/suspended." Doc. Ent. 21 at 6.

**B.      The Instant Complaint**[3]

Fleming filed this case on May 11, 2009. His complaint alleges three causes of action based upon the suspension of his Michigan chauffeur's license. Doc. Ent. 1 at 2-3. Plaintiff's first legal theory is that defendant State of Michigan is "responsible for enforcing Michigan motor-vehicle insurance law," and has violated his federal constitutional rights, state constitutional rights, and civil rights. Doc. Ent. 1 at 7 ¶ 1. His second legal theory is that the Michigan Governor's Office, the Michigan Insurance Commissioner and the Michigan Secretary of State have violated his federal and state constitutional rights. Doc. Ent. 1 at 7 ¶ 2.

Plaintiff seeks dismissal of the suspension of his Michigan chauffeur's license, dismissal of municipal criminal charges, monetary relief and dismissal of unlawful debt. Doc. Ent. 1 at 8.[4]

---

[3]Plaintiff has filed three (3) other cases in this Court. Before the instant case was filed, Fleming filed *Fleming v. United States Department of Justice, Attorney General*, Case No. 2:08-cv-14416-SFC-VMM (Oct. 17, 2008). Judge Cox dismissed that case on August 17, 2009 for lack of subject matter jurisdiction. Doc. Ent. 22.

After filing the instant case, Fleming filed *Fleming v. United States Federal Bureau of Investigation and Henry Ford Community College*, Case No. 2:09-cv-13449-MOB-MAR (Aug. 31, 2009), wherein he alleges obstruction of 18 U.S.C. §§ 1505, 1510(a) against the Detroit, Michigan Field Office of the FBI and "hindered accommodation complaint advantage" against Henry Ford Community College. Doc. Ent. 1 at 2-4. On February 2, 2010, Judge Battani entered an order dismissing the case in its entirety. Doc. Ent. 20.

Fleming has also filed *Fleming v. Art Van Furniture, Inc.*, Case No. 2:09-cv-13448-AC-DAS (Aug. 31, 2009), wherein he alleges that his on-duty equal employment opportunities have been hindered. Doc. Ent. 1 at 2. Judge Cohn has entered an order setting deadlines with respect to defendant's November 18, 2009 motion to dismiss or compel arbitration. Doc. Ent. 14 (Dec. 2, 2009).

[4]Plaintiff's May 11, 2009 filing also contains a letter "to advise the U.S. federal court concerning domestic and economic crime control." Plaintiff claims that "[t]he location that [he is] currently attending has an estimate average of narcotic conduct." Plaintiff appears to be requesting that the U.S. Marshal enforce certain statutes. Doc. Ent. 1 at 10.

The $950,949.48 plaintiff seeks is made up of $947,845.12 in lost yearly wages,[5] $1,517.53 in apartment debt,[6] $626.19 in credit debt,[7] $523 in Michigan Drivers Responsibility Debt, $350.00 in U.S. federal court fee(s),[8] $77 in Michigan tax refund[9] and $10.64 in U.S. Postal fee(s).[10] Doc. Ent. 1 at 8.[11]

Judge Lawson has referred this case to me for general case management. Doc. Ent. 4.

**C.     Pending Motions**

Currently before the Court are defendant's June 4, 2009 motion to dismiss or in the alternative motion for more definite statement **(Doc. Ent. 3)**, to which responses and a reply have been filed (Doc. Entries 7, 16 and 18), and defendant's December 21, 2009 motion to dismiss amended statement of claim **(Doc. Ent. 25)**.

---

[5]Wage information, effective September 3, 2007, is attached to plaintiff's complaint. Doc. Ent. 1 at 28.

[6]Plaintiff moved out of the Village Apartments on June 25, 2008 following a June 19, 2008 order of eviction. He allegedly owed $1,517.53 to the Village Apartments. Doc. Ent. 1 at 29-30.

[7]Attached to plaintiff's May 11, 2009 complaint is a document from Portfolio Recovery Associates which notes that the balance on a Capital One Bank Account is $626.19. Doc. Ent. 1 at 31. A like document attached to plaintiff's July 13, 2009 motion and dated July 2, 2009 shows a balance on the account of $635.99. Doc. Ent. 19 at 11.

[8]The docket indicates that plaintiff has paid the $350.00 filing fee. Doc. Ent. 1; Doc. Ent. 6 at 3.

[9]According to an April 23, 2009 Michigan Department of Treasury Notice of Adjustment to Tax Refund, plaintiff owed $400 for State Agency Collections. His refund of $77 was applied to this debt, leaving a balance of $323. Doc. Ent. 1 at 32.

[10]Plaintiff's "Summons and Complaint Return of Service" declares that service fees were $10.64. Doc. Ent. 6 at 2.

[11]Attached to plaintiff's complaint are several exhibits. Doc. Ent. 1 at 11-48.

Also before the Court are plaintiff's June 11, 2009 motion to strike **(Doc. Ent. 8)**, regarding which a response has been filed (Doc. Ent. 13); a motion for harmless error **(Doc. Ent. 9)**; and a motion for summary judgment **(Doc. Ent. 10)**, regarding which a response and reply have been filed (Doc. Entries 14 and 17).[12] Also pending are plaintiff's July 13, 2009 motion to strike and for sanctions **(Doc. Ent. 19)**, to which a response has been filed (Doc. Ent. 20), December 10, 2009 motion for temporary restraining order **(Doc. Ent. 21)** and December 28, 2009 motion for a more definite statement for nature of suit and temporary restraining order **(Doc. Ent. 26)**, regarding which a response has been filed (Doc. Ent. 27).

This order deals with the non-dispositive motions (Doc. Entries 8, 9 and 19). A report and recommendation concerning the dispositive motions (Doc. Entries 3, 10, 21, 25 and 26) is forthcoming.

**D.     Analysis**

**1.     Plaintiff's June 11, 2009 motion to strike (Doc. Ent. 8) is denied.**

Defendant's June 4, 2009 motion to dismiss or, alternatively, for a more definite statement, presents the following three arguments: (I) "[t]he court lacks jurisdiction over plaintiff's claims as to the state defendants[,]" (Doc. Ent. 3 at 7); (II) "[t]he complaint fails to state a claim upon which relief can be granted and fails to comply with the requirements of [Fed. R. Civ. P. 8(a)][,]" (Doc. Ent. 3 at 7-9) and (III) "[t]he Complaint is so unfocused, state defendants cannot reasonably be expected to frame a response[,]" (Doc. Ent. 3 at 10).

By his June 11, 2009 one-page Fed. R. Civ. P. 12(f)(1) motion to strike (Doc. Ent. 8), plaintiff appears to be requesting that the Court strike defendant's June 4, 2009 motion to

---

[12]Plaintiff filed a Certificate of Service regarding these motions. Doc. Ent. 12.

dismiss or in the alternative motion for more definite statement (Doc. Ent. 3). Doc. Ent. 8 at 1 ¶ 1. Furthermore, plaintiff contends that the motion for a more definite statement should be denied, because "[d]efendant falsely accused the plaintiff for serving attachments[,]" and "[d]efendant answered with inadmissible misleading evidence of controversies." Doc. Ent. 8 at 1 ¶ 2. Additionally, plaintiff contends that the motion to dismiss should be denied, because "[d]efendant believes U.S. District Courts lack subject matter jurisdiction concerning a civil action filed with a U.S. District Court[,]" and "[d]efendant is responsible for allowing a conspiracy of incriminating evidence, *consumer affair* expansion and compensatory damages." Doc. Ent. 8 at 1 ¶ 3.

Fed. R. Civ. P. 12 governs defenses and objections. With respect to a motion to strike, Rule 12 provides:

> The court may strike from a pleading ain insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1)    on its own; or
> (2)    on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Fed. R. Civ. P. 12(f). "An allegation is 'impertinent' or 'immaterial' when it is not relevant to the issues involved in the action. 'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that 'detracts from the dignity of the court.'" *L and L Gold Associates, Inc. v. American Cash for Gold, LLC*, No. 09-10801, 2009 WL 1658108, 1 (E.D. Mich. June 10, 2009) (Steeh, J.) (citing *Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004)).

Defendant has filed a response in opposition to plaintiff's motion. Defendant contends that it filed its motion to dismiss "due to lack of jurisdiction over the subject matter, lack of jurisdiction over the person (state) and Plaintiff's failure to state a claim upon which relief can be granted." Furthermore, defendant explains that its motion seeks the alternative relief of "a more definite statement in accordance with [Fed. R. Civ. P. 12(e)]." Doc. Ent. 13 at 2 ¶ 1. It is defendant's position that plaintiff has not provided "facts or argument supporting his motion to strike[,]" Doc. Ent. 13 at 5, and "[n]one of the language or defenses contained in Defendant's [June 4, 2009] motion[] meet[s] th[e] criteria [set forth in *L and L Gold Associates, Inc.*]." Doc. Ent. 13 at 5-6.

Upon consideration, plaintiff's June 11, 2009 motion to strike is denied. First, to the extent plaintiff seeks to strike defendant's "objective defenses" (¶ 1), I agree with defendant that its June 4, 2009 Motion to Dismiss or in the Alternative Motion for More Definite Statement "is totally appropriate and does not meet the criteria specified in Fed. R. Civ. P. 12(f)(1)[.]" Doc. Ent. 13 at 2 ¶ 4. As defendant points out, "the question whether a complaint states a claim upon which relief can be granted is always a potential issue in any case," *Glover v. Mary Jane M. Elliott, P.C.*, No. 1:07-cv-648, 2007 WL 2904050, 3 (W.D. Mich. Oct. 2, 2007). Doc. Ent. 13 at 6.

Second, to the extent plaintiff seeks denial of defendant's June 4, 2009 alternative Fed. R. Civ. P. 12(e) motion for a more definite statement, plaintiff's claims that defendant has "falsely accused the plaintiff for serving attachments[,]" (¶ 2a)[13] and that "[d]efendant answered with

---

[13]Perhaps plaintiff is referring to defendant's statement "[o]n May 12, 2009, Defendant, State of Michigan received the Complaint and attachments via certified mail[,]" Doc. Ent. 3 at 4.

8

inadmissible misleading evidence of controversies[,]" (¶ 2b) do not identify the matters which allegedly offend Fed. R. Civ. P. 12(f). Furthermore, if plaintiff intended these arguments as a response to the motion,[14] he has filed two such matters (Doc. Entries 7 and 16). Furthermore, the non-specific nature of these comments does not address why the Court should not order a more definite statement.

Third, to the extent plaintiff claims that the June 4, 2009 Fed. R. Civ. P. 12(b) motion to dismiss should be denied, he takes issue with defendant's Fed. Rules Civ. P. 12(b)(1), (2) subject matter jurisdiction argument (Doc. Ent. 3 at 2 ¶ 3, 6-7; Doc. Ent. 8 ¶ 3a). However, he does not explain why his lawsuit against the State of Michigan is not barred by the Eleventh Amendment. Nor does plaintiff clarify the jurisdictional basis for this lawsuit (Doc. Ent. 3 at 10; Fed. R. Civ. P. 8(a)(1)). Also, plaintiff alleges that "[d]efendant is responsible for allowing a conspiracy of incriminating evidence, *consumer affair* expansion and compensatory damages." Doc. Ent. 8 ¶ 3b. However, this is a vague and conclusory statement which, in and of itself, does little to respond to defendant's June 4, 2009 Fed. R. Civ. P. 12(b)(6) argument that plaintiff has "failed to state a claim upon which relief can be granted[,]" Doc. Ent. 3 at 2 ¶ 4, or defendant's argument that plaintiff's complaint does not satisfy Fed. R. Civ. P. 8(a)(2), Doc. Ent. 3 at 8, 10 (Fed. R. Civ. P. 12(e)). If plaintiff intends to amend his complaint to add a claim of conspiracy, *see also* Section I.D.3.c of this order, he should do so in accordance with Fed. R. Civ. P. 15 and E.D. Mich. LR 15.1.[15]

---

[14]"A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(b).

[15]The Local Rules of this Court provide that "[a] party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire

Of course, I will address in detail the issues raised by defendant's June 4, 2009 Rule 12(b) and Rule 12(e) motion (Doc. Ent. 3), as well as the issues raised by plaintiff's June 11, 2009 response (Doc. Ent. 7) and June 30, 2009 response (Doc. Ent. 16), in my forthcoming report and recommendation on the pending dispositive motions.

**2.      Plaintiff's June 11, 2009 Motion for Harmless Error (Doc. Ent. 9) is denied.**

By his Fed. R. Civ. P. 61 one-page motion for harmless error (Doc. Ent. 9), plaintiff seeks to "[o]mit U.S. District Judge David M. Lawson['s] name and amend U.S. Magistrate [Judge] Paul J. Komives['] name for case management as the court ordered on June 08, 2009." Doc. Ent. 9 ¶ 1b. Plaintiff appears to argue that this will not affect plaintiff's "substantial rights to proceed with judgment." Doc. Ent. 9 at 1a.

Fed. R. Civ. P. 61 provides that "[u]nless justice requires otherwise, no error in admitting or excluding evidence–or any other error by the court or a party–is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

The June 8, 2009 order to which plaintiff refers is Judge Lawson's order referring pretrial matters to me. Doc. Ent. 4. To the extent plaintiff seeks to amend the case caption of his previously-filed complaint, which lists both Judge Lawson and Magistrate Judge Komives, plaintiff's motion is denied as moot. It is perfectly acceptable for both the district judge and the magistrate judge's names to appear on the case caption. *See* E.D. Mich. 72.1(b) ("Assignment of

---

pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion." E. D. Mich. LR 15.1.

Duties to Magistrate Judges"), E.D. Mich. LR 83.11 ("Assignment and Reassignment of Civil Cases to Judges"). Usually, only the magistrate judge's name appears on the caption if the parties have consented and the district judge approves. *See* E.D. Mich. LR 73.1 ("Special Designation to Exercise Civil Consent Authority").

**3.     Plaintiff's July 13, 2009 motion to strike and for sanctions (Doc. Ent. 19) is denied.[16]**

**a.**     In his July 13, 2009 Fed. R. Civ. P. 12(f)(1) motion to strike, plaintiff requests that defendant's "objective defenses" be stricken with prejudice. Doc. Ent. 19 at 1. Plaintiff alleges that "[w]hen the defendant has favor under a U.S. federal court ruling of its relief requested, it will allow the State of Michigan to[:] use immunity and jurisdiction over U.S. federal courts[,]" "use a *scandalous matter* against the plaintiff to suffer *hard treatment* as an indigent party[,]" "continue to prosecute any Michigan resident disputing . . . constitution[al], civil and consumer affairs[,]" and "use a U.S. federal case with an ambiguous argument and inadmissible facts with prejudice." Doc. Ent. 19 at 1 ¶¶ a, c, d & e. Specifically, plaintiff alleges that defendant's filings (Doc. Entries 3, 13, 14, 18) "are *insufficient defenses* and *inadmissible arguments*." Doc. Ent. 19 at 1 ¶ 1b.[17] Furthermore, plaintiff claims his request to strike defendant's objective defenses is based upon Fed. R. Civ. P. 12(f)(1)'s references to "an insufficient defense" and "scandalous matter." Doc. Ent. 19 at 1 ¶ 2.

---

[16]Also within this filing, plaintiff requests that the Court sustain his June 11, 2009 motions (Doc. Entries 8, 9, 10), his June 30, 2009 response (Doc. Ent. 16), the relief sought by his May 11, 2009 complaint (Doc. Ent. 1), and his July 13, 2009 motion(s) (Doc. Ent. 19). Doc. Ent. 19 at 3.

[17]Plaintiff claims that defendant "is exhausting a civil matter case alleging the same argument and objections, knowingly, that the defendant has reached its constitutional limits." According to plaintiff, "[t]he court does not need to arrange a summary bench trial and should close the pleadings to arrange a scheduled court hearing." Doc. Ent. 19 at 1 ¶ b.

11

In response, defendant argues that its "responses to plaintiff's pleadings should not be stricken." Doc. Ent. 20 at 6. In so doing, defendant contends that "[p]laintiff has provided no facts or argument supporting his motion to strike[,]" and "[n]one of the language or defenses contained in [Doc. Entries 3, 13, 14 & 18]" constitutes immaterial, impertinent or scandalous matter. Also, defendant again cites *Glover*. Doc. Ent. 20 at 7.

Plaintiff's motion to strike is denied. To the extent plaintiff alleges that defendant's June 4, 2009 motion to dismiss (Doc. Ent. 3), June 25, 2009 response (Doc. Ent. 13), July 1, 2009 response (Doc. Ent. 14) and July 9, 2009 reply (Doc. Ent. 18) present "insufficient defenses and inadmissible arguments[,]" Doc. Ent. 19 at 1 ¶ b, defendant correctly responds that these matters were filed in response to "pleadings initiated by Plaintiff." Doc. Ent. 20 at 2 ¶ 1 (referring to Doc. Entries 1, 8, 10, 16). To the extent plaintiff bases his request to strike on Fed. R. Civ. P. 12(f)(1), Doc. Ent. 19 at 1 ¶ 2, I agree with defendant that plaintiff does not state "what language or paper filed [by defendant that] the court should consider scandalous[,]" and defendant's June 4, 2009 motion to dismiss or in the alternative motion for a more definite statement (Doc. Ent. 3) "is totally appropriate and does not meet the criteria specified in Fed. R. Civ. P. 12(f)(1)[,]" Doc. Ent. 20 at 3 ¶¶ 5-6.

**b.** Plaintiff's July 13, 2009 filing also contains a Fed. R. Civ. P. 11 "motion for sanction." Doc. Ent. 19 at 2. Therein, plaintiff requests entry of an order requiring the State of Michigan "to pay a penalty to the court under [Fed. R. Civ. P. 11(c)(2),(4),(5)][.]" Doc. Ent. 19 at 2 ¶ 1. Plaintiff claims that defendant has violated Fed. R. Civ. P. 11(b)(1) by "harass[ing] an indigent

plaintiff and increasing litigation expenses[,]"[18] and Fed. R. Civ. P. 11(b)(2) with respect to claims and other legal contentions.[19] Doc. Ent. 19 at 2 ¶¶ 1a, 1c.

With respect to motions for sanctions, Fed. R. Civ. P. 11 provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Plaintiff's motion for sanctions is denied. To begin, it is unclear whether plaintiff abided by the procedure set forth in Fed. R. Civ. P. 11(c)(2) with respect to providing a copy to defendant before filing. Also, I do not find defendant's June 4, 2009 motion to dismiss or in the alternative motion for more definite statement (Doc. Ent. 3) or responsive pleadings (Doc. Entries 13, 14 and 18) warrant the imposition of Rule 11 sanctions. I agree with defendant that its filings (Doc. Entries 3, 13, 14, 18) are responsive to matters filed by the plaintiff (Doc.

---

[18]Perhaps this is what plaintiff is referring to when he claims that "[t]he defendant, *State of Michigan Governor Office*, that has jurisdiction over the Michigan Department of Treasury and [MARCS], are being allowed to proceed to take action for collecting $732.00 from my account registered with Credit Union One." Doc. Ent. 19 at 2 ¶ 1b.
As of July 2009, plaintiff owed the State of Michigan $732 in Driver Responsibility Fees. Doc. Ent. 19 at 8, 10. As previously mentioned, his May 11, 2009 prayer for relief seeks $523 for driver responsibility debt. Doc. Ent. 1 at 8.

[19]Plaintiff claims that "[o]n May 11, 2009, under [Fed. R. Civ. P.] 5(a)(1)(E), the defendant was served a written notice of pleadings, claims and demands for judgment." Doc. Ent. 19 at 2 ¶ 1d. The only item filed on May 11, 2009 in this case was plaintiff's complaint. Doc. Ent. 1. Perhaps plaintiff is challenging defendant's June 4, 2009 statement that "[o]n May 12, 2009, Defendant, State of Michigan received the Complaint and attachments via certified mail[,]" Doc. Ent. 3 at 4.

13

Entries 1, 8, 10, 16). Doc. Ent. 20 at 3 ¶ 7. Furthermore, with respect to Fed. R. Civ. P. 11(b)(1), defendant represents that its aforementioned filings "were not filed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." With respect to Fed. R. Civ. P. 11(b)(2), defendant represents that these filings "[a]ll respond to Plaintiff's contentions and include defenses and other legal contentions warranted by existing law[.]" Doc. Ent. 20 at 3 ¶ 7. As a result, I agree that "[d]efendant has taken no action providing the basis for the imposition of [Rule 11] sanctions." Doc. Ent. 20 at 3 ¶ 8.

**c.**  Finally, plaintiff's July 13, 2009 filing contains a "letter," wherein plaintiff states that he "is suffering hard treatment under a *chain conspiracy* of obstruction of justice since the year of 2009-2009." Doc. Ent. 19 at 5 ¶ a. Plaintiff believes "*time management* and *increase expenses* are being closely observed to allow an indigent party to remain under distressful pressures[,]" and "*inducement* or *seducement* is being used against an indigent party to hinder future U.S. federal cases and prolong the current case." Doc. Ent. 19 at 5 ¶¶ b, c. Perhaps referring to what eventually became *Fleming v. Art Van Furniture, Inc.*, Case No. 2:09-cv-13448-AC-DAS (Aug. 31, 2009), plaintiff contends that "[t]he newest public lead was from receiving irrelevant branch management decisions from Art Van Furniture branch store . . . Royal Oak, MI Branch Manager Dave Orlando." Doc. Ent. 19 at 5 ¶ d.

This portion of plaintiff's July 13, 2009 filing does not make clear what he is requesting the Court to do. Among the attachments to this filing is a photocopied page on which are listed the elements of conspiracy. Doc. Ent. 19 at 12. To the extent this portion of plaintiff's filing was intended to request relief from the Court, it should be clarified in a separate motion which

specifies the relief sought. To the extent, if at all, plaintiff is seeking to amend his complaint, it should be done in accordance with Fed. R. Civ. P. 15 and E.D. Mich. LR 15.1.

**II.     ORDER**

In accordance with the foregoing analysis, plaintiff's June 11, 2009 motion to strike (Doc. Ent. 8) is DENIED; plaintiff's June 11, 2009 motion for harmless error (Doc. Ent. 9) is DENIED; and plaintiff's July 13, 2009 motion to strike and for sanctions (Doc. Ent. 19) is DENIED.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  |  |
|---|---|
| Dated: 2/11/10 | s/Paul J. Komives<br>PAUL J. KOMIVES<br>UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 11, 2010.
>
> s/Eddrey Butts
> Case Manager