UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALLEN MARCE' FLEMING, JR.,

|  |  |
|---|---|
| Plaintiff, | CASE NO. 2:09-CV-11795<br>JUDGE DAVID M. LAWSON<br>MAGISTRATE JUDGE PAUL J. KOMIVES |

v.

STATE OF MICHIGAN,

Defendant,

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT (Doc. Ent. 3); PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. Ent. 10); PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. Ent. 21); DEFENDANT'S MOTION TO DISMISS AMENDED STATEMENT OF CLAIM (Doc. Ent. 25); and PLAINTIFF'S MOTION FOR A MORE DEFINITE STATEMENT FOR NATURE OF SUIT & TRO (Doc. Ent. 26)**

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        A.      Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        B.      The Instant Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
        C.      Pending Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        D.      Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                1.      Defendant State of Michigan's June 4, 2009 Motion (Doc. Ent. 3) should be granted in
                        part and deemed moot in part. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                        a.      Defendant's Fed. R. Civ. P. 12(b) motion to dismiss should be granted. . . . . 10
                        b.      Defendant's alternative Fed. R. Civ. P. 12(e) motion for a more definite
                                statement should be deemed moot. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
                        c.      Any future action against state officials must be filed in accordance with the
                                Federal Rules of Civil Procedure and applicable statutes. . . . . . . . . . . . . . . 17
                2.      Plaintiff's June 11, 2009 Motion for Summary Judgment (Doc. Ent. 10) should be denied.
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
                3.      Plaintiff's December 10, 2009 motion for TRO (Doc. Ent. 21) should be denied. . . . . 25
                4.      Defendant's December 21, 2009 motion to dismiss amended statement of claim (Doc.
                        Ent. 25) should be deemed moot. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26
                5.      Plaintiff's December 28, 2009 motion for a more definite statement for nature of suit &
                        temporary restraining order (Doc. Ent. 26) should be denied. . . . . . . . . . . . . . . . . . . 28

III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

**I.** **RECOMMENDATION:** The Court should grant in part and deem moot in part defendant State of Michigan's motion to dismiss or in the alternative motion for more definite statement (Doc. Ent. 3). Specifically, the Court should grant defendant State of Michigan's Fed. R. Civ. P. 12(b) motion to dismiss on the basis that the State of Michigan is immune from suit for damages or injunctive relief in the absence of consent. If the Court agrees with this recommendation, then it need not rule upon defendant State of Michigan's alternative Fed. R. Civ. P. 12(e) motion for more definite statement.

Furthermore, the Court should deny plaintiff's motion for summary judgment (Doc. Ent. 10), deny plaintiff's motion for temporary restraining order (Doc. Ent. 21), deem moot defendant's motion to dismiss amended statement of claim (Doc. Ent. 25) and deny plaintiff's motion for a more definite statement for nature of suit and temporary restraining order (Doc. Ent. 26).

**II.** **REPORT:**

**A.** **Background**

It appears that Tallen Marce' Fleming purchased a 2001 Oldsmobile Alero in June 2005. Doc. Ent. 1 at 37-38. According to a Michigan License Plate Renewal Notice, Fleming's plate for this car was due to expire on November 24, 2007. Doc. Ent. 1 at 36.

On January 5, 2008, Tallen Marce' Fleming, Jr. received citations in Novi, Michigan, for registration and/or plate violation and no proof of insurance. Doc. Ent. 1 at 34-35. It appears that Fleming received another citation for no proof of insurance on February 1, 2008. Doc. Ent. 1 at 35. On March 3, 2008, he received a citation in Plymouth, Michigan for registration and/or plate violation. Doc. Ent. 1 at 34-35.

Two days later, on or about March 5, 2008, Fleming resigned from his job with Brinks, Inc., "due to an unlawful Plymouth, MI Police order about a prohibited driving privilege that caused compulsory damages." Doc. Ent. 1 at 27, 42. Shortly thereafter, on March 9, 2008, Fleming's vehicle was confiscated in Plymouth, Michigan, and stored with Mayflower Auto Recovery. Doc. Ent. 1 at 40.[1] On or about March 27, 2008, the Plymouth Police Department notified the Secretary of State of the abandoned vehicle and it was noticed for public sale on Monday, October 27, 2008. Doc. Ent. 1 at 40-41.

On April 7, 2008, Fleming was assessed a $123.00 Driver Responsibility Fee (P948143) pursuant to Mich. Comp. Laws § 257.732a for the January 5, 2008 offense of no proof of insurance. Doc. Ent. 1 at 35; Doc. Ent. 19 at 8, 10. On April 15, 2008, he was assessed a $200.00 Driver Responsibility Fee (P975816) for what appears to have been the February 1, 2008 citation of no proof of insurance. Doc. Ent. 1 at 35; Doc. Ent. 19 at 8, 10.[2]

It appears that Fleming wrote to the State of Michigan Department of Attorney General. In a letter dated June 2, 2008, the Michigan Attorney General's Office informed Fleming, "[w]e sincerely regret our inability to provide assistance at this time." Doc. Ent. 1 at 19. In a letter dated June 16, 2008, the Michigan Attorney General's Office stated the same. Doc. Ent. 1 at 18.

On July 1, 2008, Fleming faxed materials to the Governor of the State of Michigan, Jennifer Granholm. Doc. Ent. 1 at 11. Apparently, these materials included a complaint alleging

[1]On or about March 25, 2008, the State of Michigan Department of Labor & Economic Growth Unemployment Insurance Agency determined that Fleming was disqualified for benefits under the Michigan Employment Security (MES) Act, Mich. Comp. Laws § 421.29(1)(A) and ineligible for benefits under the MES Act, Mich. Comp. Laws § 421.28(1)(C). Doc. Ent. 1 at 42.

[2]On or about May 13, 2008, the Agency affirmed and modified its determination. Doc. Ent. 1 at 43-44. On August 29, 2008, the Michigan Department of Human Services determined that Fleming was eligible for food assistance effective August 26, 2008. Doc. Ent. 1 at 45.

"municipal civil/criminal offenses enforced by the City of Novi, Michigan (52-1) District Court[;]" and "municipal civil offenses enforced by the City of Plymouth, Michigan (35th) District Court[.]" Doc. Ent. 1 at 2 ¶¶ 1-2.

On October 31, 2008, the Novi, Michigan District Court (52-1) issued a bench warrant for Fleming's arrest based upon his failure to appear for an October 23, 2008 show cause hearing, apparently regarding the aforementioned Novi citations. Doc. Ent. 1 at 46. It appears that Fleming's driver's license was suspended on October 31, 2008 based upon his Plymouth citation and on December 24, 2008 based upon his Novi citations. Doc. Ent. 1 at 34-35.

During April 2009, Fleming was assessed a Category 2 Driver Responsibility Fee in the amount of $200 (Q948017), apparently regarding the January 5, 2008 offense of no proof of insurance. Doc. Ent. 1 at 33; Doc. Ent. 19 at 8, 10. Fleming was also assessed a Category 2 Driver Responsibility Fee in the amount of $200 (Q962006). Doc. Ent. 19 at 8, 10.

As of July 2, 2009, Fleming owed the State of Michigan $723 in Driver Responsibility Fees. Doc. Ent. 19 at 8, 10. On July 11, 2009, Fleming's account was referred to the Michigan Accounts Receivable Collection System (MARCS). Doc. Ent. 19 at 6-7. By a letter dated July 14, 2009, MARCS informed Fleming that "[t]o avoid further collection activity, send your payment in full along with a copy of the State's notice or a copy of this letter in the enclosed envelop immediately." Doc. Ent. 19 at 9. On or about July 27, 2009, the State of Michigan Department of State issued an "Order of Action," by which Fleming was notified that, unless he took action, his driving privileges and license would be suspended from August 26, 2009 until he paid the Mich. Comp. Laws § 257.732a Driver Responsibility Fee (Q948017). Doc. Ent. 21 at 2.

Fleming was arrested by the Royal Oak, Michigan police on December 4, 2009.  Doc. Ent. 21 at 1 ¶ 3.  On December 5, 2009, an order for custody was entered in the 52-1 District Court in Novi for the misdemeanor of failure to pay a $270.00 judgment for (I) registration/plate violation and (II) no proof of insurance.  Doc. Ent. 21 at 5.  Fleming was booked in the Oakland County Jail on the same day.  Doc. Ent. 21 at 4.  On December 8, 2009, Fleming was released from the 52nd District Court for the expired registration tabs and no proof of insurance offenses.  The notice advises that the "[f]ine and costs have been paid/suspended."  Doc. Ent. 21 at 6.

**B.      The Instant Complaint** [3]

Fleming filed this fee-paid case on May 11, 2009.  Interpreting plaintiff's complaint has been met with some challenges.

**1.**      For example, the case caption on each page identifies only the State of Michigan as a defendant.  Doc. Ent. 1 at 1-9.  However, it appears that plaintiff may have intended to name other defendants.  First, the complaint alleges three causes of action, each of which are labeled "[s]uspension of Michigan chauffeurs license[.]"  The descriptions of these causes of action

---

[3]Plaintiff has filed three (3) other cases in this Court.  Before the instant case was filed, Fleming filed *Fleming v. United States Department of Justice, Attorney General*, Case No. 2:08-cv-14416-SFC-VMM (Oct. 17, 2008).  Judge Cox dismissed that case on August 17, 2009 for lack of subject matter jurisdiction.  Doc. Ent. 22.

After filing the instant case, Fleming filed *Fleming v. United States Federal Bureau of Investigation and Henry Ford Community College*, Case No. 2:09-cv-13449-MOB-MAR (Aug. 31, 2009), wherein he alleges obstruction of 18 U.S.C. §§ 1505, 1510(a) against the Detroit, Michigan Field Office of the FBI and "hindered accommodation complaint advantage" against Henry Ford Community College.  Doc. Ent. 1 at 2-4.  On February 2, 2010, Judge Battani entered an order dismissing the case in its entirety.  Doc. Ent. 20.

Fleming has also filed *Fleming v. Art Van Furniture, Inc.*, Case No. 2:09-cv-13448-AC-DAS (Aug. 31, 2009), wherein he alleges that his on-duty equal employment opportunities have been hindered.  Doc. Ent. 1 at 2.  Judge Cohn has entered an order setting deadlines with respect to defendant's November 18, 2009 motion to dismiss or compel arbitration.  Doc. Ent. 14 (Dec. 2, 2009).

arguably allege that plaintiff suffered damages following Governor Granholm's Office's alleged failure to inform plaintiff of the status of his July 1, 2008 complaint(s).  Doc. Ent. 1 at 2-3.

Second, one of plaintiff's legal theories also suggests the intent to name another defendant.  Plaintiff's first legal theory is that defendant State of Michigan is "responsible for enforcing Michigan motor-vehicle insurance law," and has violated his federal constitutional rights, state constitutional rights, and civil rights.  Doc. Ent. 1 at 7 ¶ 1.  His second legal theory is that the Michigan Governor's Office, the Michigan Insurance Commissioner and the Michigan Secretary of State have violated his federal and state constitutional rights.  Doc. Ent. 1 at 7 ¶ 2.

Third, the section of plaintiff's complaint labeled, "General notes and Michgian public official jurisdiction[,]" Doc. Ent. 1 at 6, asserts jurisdiction with respect to the Governor of the State of Michigan (¶ 3), the Michigan Secretary of State (¶ 4) and the Michigan Insurance Commissioner (¶ 5).  Doc. Ent. 1 at 6.  Fourth, while plaintiff's Summons and Complaint Return of Service indicates that the State of Michigan was served (Doc. Ent. 6 at 2), it appears that plaintiff served the Michigan Department of Attorney General and Governor Granholm with a copy of the summons and complaint by certified mail on May 11, 2009.  Doc. Ent. 6 at 2-3.

**2.**     Also, plaintiff's causes of action are not clear.  The civil cover sheet labels the nature of this lawsuit as challenging the constitutionality of state statutes.  Doc. Ent. 1 at 47.  If that is so, the state statutes underlying the bases for plaintiff's claims should be made clear in the complaint.

As it stands, plaintiff's complaint mentions "the laws of the United States and the State of Michigan." Doc. Ent. 1 at 1 ¶ 1.  Within the first cause of action, plaintiff cites 42 U.S.C. § 14141 ("Cause of action") and Mich. Comp. Laws §§ 750.157, 750.157a.  Doc. Ent. 1 at 2 ¶ 1.

Plaintiff also lists statutes which allegedly abridge the United States and Michigan

Constitutions, such as Chapter 500 of Michigan's Insurance Code of 1956; Chapter 440 of the

Uniform Commercial Code; Chapter 8 of Michigan Compiled Laws; and Chapter 257 of the

Michigan Vehicle Code. Doc. Ent. 1 at 4-5 ¶¶ 1-11. In the list of "Authorities," plaintiff cites

provisions of the United States Constitution and the Michigan Constitution, laws of the United

States Secret Service, and sections of Michigan's Penal Code (Chapter 750) and a section of

Michigan's "Crimes and Offenses" (Chapter 752). Doc. Ent. 1 at 5 ¶¶ 1-2.

Within "Legal Theory," plaintiff cites Michigan motor-vehicle insurance law, his state

and federal constitutional equal protection rights, and civil rights. Doc. Ent. 1 at 7 ¶ 1.

Furthermore, plaintiff's "letter" within the complaint mentions federal and state statutes. Doc.

Ent. 1 at 10.

**3.**     In the end, plaintiff seeks dismissal of the suspension of his Michigan chauffeur's

license, dismissal of municipal criminal charges, monetary relief and dismissal of unlawful debt.

Doc. Ent. 1 at 8.[4] The $950,949.48 plaintiff seeks is made up of $947,845.12 in lost yearly

wages,[5] $1,517.53 in apartment debt,[6] $626.19 in credit debt,[7] $523 in Michigan Drivers

---

[4]Plaintiff's May 11, 2009 filing also contains a letter "to advise the U.S. federal court concerning domestic and economic crime control." Plaintiff claims that "[t]he location that [he is] currently attending has an estimate average of narcotic conduct." Plaintiff appears to be requesting that the Court ask the U.S. Marshal to enforce certain federal and state statutes. Doc. Ent. 1 at 10.

[5]Wage information, effective September 3, 2007, is attached to plaintiff's complaint. Doc. Ent. 1 at 28.

[6]Plaintiff moved out of the Village Apartments on June 25, 2008 following a June 19, 2008 order of eviction. He allegedly owed $1,517.53 to the Village Apartments. Doc. Ent. 1 at 29-30.

[7]Attached to plaintiff's May 11, 2009 complaint is a document from Portfolio Recovery Associates which notes that the balance on a Capital One Bank Account is $626.19. Doc. Ent. 1 at 31. A like document attached to plaintiff's July 13, 2009 motion and dated July 2, 2009 shows a

Responsibility Debt, $350.00 in U.S. federal court fee(s),[8] $77 in Michigan tax refund[9] and $10.64 in U.S. Postal fee(s).[10]  Doc. Ent. 1 at 8.

At the conclusion of his complaint, plaintiff states that "[a]ll documents are protected under [18 U.S.C. §§ 1510 ("Obstruction of criminal investigations") and 1512 ("Tampering with a witness, victim, or an informant")]."  Doc. Ent. 1 at 9-10.  Attached to plaintiff's complaint are several exhibits.  Doc. Ent. 1 at 11-48.

Judge Lawson has referred this case to me for general case management.  Doc. Ent. 4.[11]

## C.    Pending Motions

Among the motions currently pending before the Court are defendant's June 4, 2009 motion to dismiss or in the alternative motion for more definite statement **(Doc. Ent. 3)**, to which responses and a reply have been filed (Doc. Entries 7, 16 and 18),[12] and defendant's December 21, 2009 motion to dismiss amended statement of claim **(Doc. Ent. 25)**.

--------------------------------

balance on the account of $635.99.  Doc. Ent. 19 at 11.

[8]The docket indicates that plaintiff has paid the $350.00 filing fee.  Doc. Ent. 1; Doc. Ent. 6 at 3.

[9]According to an April 23, 2009 Michigan Department of Treasury Notice of Adjustment to Tax Refund, plaintiff owed $400 for State Agency Collections.  His refund of $77 was applied to this debt, leaving a balance of $323.  Doc. Ent. 1 at 32.

[10]Plaintiff's "Summons and Complaint Return of Service" declares that service fees were $10.64.  Doc. Ent. 6 at 2.

[11]On February 11, 2010, I entered an opinion and order denying plaintiff's motion to strike (Doc. Ent. 8), denying plaintiff's motion for harmless error (Doc. Ent. 9); and denying plaintiff's motion to strike (Doc. Ent. 19).  *See* Doc. Ent. 28.  Plaintiff has filed a notice of appeal regarding this order.  Doc. Ent. 29.

[12]On July 2, 2009, I entered an order setting the response deadline for August 5, 2009.  Doc. Ent. 15.

Also before the Court are plaintiff's June 11, 2009 motion for summary judgment (**Doc. Ent. 10**), regarding which a response and reply have been filed (Doc. Entries 14 and 17);[13] plaintiff's December 10, 2009 motion for temporary restraining order (**Doc. Ent. 21**)[14] and plaintiff's December 28, 2009 motion for a more definite statement for nature of suit and temporary restraining order (**Doc. Ent. 26**), regarding which a response has been filed (Doc. Ent. 27).[15]

**D.    Analysis**

**1.    Defendant State of Michigan's June 4, 2009 Motion (Doc. Ent. 3) should be granted in part and deemed moot in part.**

Currently before the Court is defendant's motion to dismiss or in the alternative motion for more definite statement.  This motion is filed pursuant to Fed. Rules Civ. P. 12(b) and 12(e).

With respect to Fed. R. Civ. P. 12(b)(6), it is defendant's position that plaintiff's May 11, 2009 complaint "contains no specific allegation against the State."  Doc. Ent. 3 at 2 ¶¶ 2, 4.  With respect to Fed. R. Civ. P. 12(b)(1),(2), defendant notes, it "is not subject to federal jurisdiction resulting from a lawsuit by one of its own citizens."  Also, defendant argues, "[p]laintiff's claims [for money damages] against the State are barred by [the Eleventh

_____

[13]Plaintiff filed a Certificate of Service regarding these motions.  Doc. Ent. 12.

[14]Plaintiff filed a Certificate of Service regarding this motion.  Doc. Ent. 23.

[15]On December 18, 2009, plaintiff filed a "notice to omit documentation."  Doc. Ent. 24 at 1, 5.  Apparently, plaintiff seeks to omit from the record (a) the Capital One Bank exhibit [Doc. Ent. 1 at 31]; (b) the bench warrant exhibit [Doc. Ent. 1 at 46]; (c) the civil cover sheet exhibit [Doc. Ent. 1 at 47 & Doc. Ent. 11 at 4]; (d) the civil litigation text book exhibits [Doc. Ent. 11 at 7-13]; (e) the criminal law elements of conspiracy exhibit [Doc. Ent. 19 at 12]; and (f) the Michigan State Police Directory exhibit [Doc. Ent. 1 at 15-16].

Amendment to the U.S. Constitution][,]" and "[j]urisdictional immunity has not been waived."

Doc. Ent. 3 at 2 ¶ 3.

Defendant characterizes plaintiff's complaint as disagreeing "with various state and local laws and their enforcement by local officials." Defendant also claims that the complaint against it "is a confusing narration of allegations which do not clearly identify any federal jurisdictional laws or actions which are being challenged. Further, with regard to the State Defendant, the Complaint fails to set forth any facts supporting any constitutional challenges or challenges to a federal statute." Doc. Ent. 3 at 5.[16]

a.     **Defendant's Fed. R. Civ. P. 12(b) motion to dismiss should be granted.**

**Defendant's arguments.** With respect to Fed. R. Civ. P. 12(b)(1), (2), defendant State of Michigan argues, "there is no showing that the State of Michigan consented to suit by its private citizens in federal court." Doc. Ent. 3 at 7. Elsewhere, defendant State of Michigan argues that plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(1). Defendant claims that "[t]here is no short, plain statement of the basis for the court's jurisdiction." Doc. Ent. 3 at 8. Defendant also claims that "[w]ith regard to the State Defendant, the district court's

---

[16]As defendant notes (Doc. Ent. 3 at 6-7), "the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines*, 404 U.S. at 520. However, "we 'need not accept as true legal conclusions or unwarranted factual inferences.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987)). "[T]he lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991)).

In response to the portion of defendant's standard of review which cites these cases, plaintiff states that "defendant alleged inadmissible opinions . . . concerning how U.S. federal courts should determine any *pro se* litigant standards." Doc. Ent. 7 at 1 ¶ 2. Furthermore, plaintiff contends that "[t]he Attorney General Michigan statutes do[] not have jurisdiction over the United States Federal Rules of Civil Procedure[.]" Doc. Ent. 7 at 1 ¶ 3.

jurisdiction here is not based on diversity[,]" and "federal courts are without authority to direct state officials to conform their conduct to state law." Doc. Ent. 3 at 9.

With respect to Fed. R. Civ. P. 12(b)(6), defendant contends that plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(2). Doc. Ent. 3 at 8. Defendant claims that "[n]one of Plaintiff's statements specifically state a claim against the State Defendant." Defendant claims that plaintiff "cites numerous laws . . . and is critical of the State's failure to change certain of those laws[,]" and that "Plaintiff provides no facts or law that would establish any cause of action against the State of Michigan." Defendant states, "[t]here is no short, plain statement of the claim showing that Plaintiff is entitled to relief." Doc. Ent. 3 at 8. Defendant characterizes plaintiff's complaint as "unfocused, alleging a myriad of legal contentions, opinions regarding several laws and fragmented factual allegations." Even under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), defendant contends, plaintiff's factual allegations "are lacking and fail to state a claim." Doc. Ent. 3 at 9.

**Plaintiff's responses.** With respect to defendant's jurisdictional argument, plaintiff responds by citing Mich. Comp. Laws § 600.1631 ("Venue; action by attorney general; other actions"), 28 U.S.C. § 1367 ("Supplemental jurisdiction") and 28 U.S.C. § 1391 ("Venue generally"). Doc. Ent. 7 at 2 ¶¶ 2-3. Also, plaintiff argues that "[t]he defendant alleged insufficient civil immunity under the [Eleventh] Amendment of the U.S. Constitution." It is plaintiff's position that "[i]f any State has civil immunity, they [w]ould be able to supersede Article (VI) and any doctrine adopted by the U.S. Supreme Court." Doc. Ent. 7 at 2 ¶ 4.

With respect to Fed. R. Civ. P. 12(b)(6), plaintiff claims that "defendant was never served attachments from the U.S. Marshals Service, only verbal admissible evidence with exhibits[,]"

and that on May 11, 2009, defendant was served with "a definite statement with facts alleging: Michigan laws abridging U.S./Michigan Constitution[al] law, a conspiracy attempt to incriminate an indigent party including compensatory damages[.]"  Doc. Ent. 7 at 1 ¶¶ 2, 3. With respect to defendant's Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 8(a) argument, plaintiff responds that "[a] claim is demanded within section (D) page (8 of 9) *prayer and signature* of the plaintiff['s] complaint."  Doc. Ent. 7 at 2 ¶ 2 (referencing Doc. Ent. 1 at 8).[17]

---

[17]Plaintiff filed a second response on July 2, 2009.  Doc. Ent. 16.  In reply, defendant contends that plaintiff's second response "contains various assertions immaterial to the issues presented in the motion to dismiss and thus should be stricken in accordance with Fed[.] R. Civ. P. 12(f) and further contains frivolous arguments for extending, modifying or reversing existing law or for establishing new law so should be stricken in accordance with Fed. R. Civ. P. 11(b)."  Doc. Ent. 18 at 2 ¶ 4.  Defendant reiterates that its June 4, 2009 motion "is a totally appropriate response to Plaintiff's complaint.  No challenge was made to the constitutionality of state statutes, various insurance requirements or any of the other frivolous arguments as presented by plaintiff in his response."  Doc. Ent. 18 at 2-3 ¶ 5.  Defendant elaborates upon its argument in its reply brief.  Doc. Ent. 18 at 5-6.

However, to the extent defendant relies upon Fed. R. Civ. P. 11, it provides in part that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."  Fed. R. Civ. P. 11(c)(2).  Therefore, defendant's request to strike plaintiff's second response in accordance with Rule 11(b) should be denied.

Also, defendant's Fed. R. Civ. P. 12(f) request should be denied.  To be sure, plaintiff was incorrect in his June 30, 2009 response (Doc. Ent. 16 at 1 ¶¶ 1, 2) that the Court had ruled on defendant's June 4, 2009 motion (Doc. Ent. 3).  However, the remainder of plaintiff's two-page response (Doc. Ent. 16 at 1-2 ¶¶ 1-6) appears to be plaintiff's attempt at responding to defendant's argument that "Plaintiff's Complaint is a confusing narration of allegations which do not clearly identify any federal jurisdictional laws or actions which are being challenged.  Further, with regard to the State Defendant, the Complaint fails to set forth any facts supporting any constitutional challenges or challenges to a federal statute."  Doc. Ent. 3 at 5.

In other words, plaintiff appears to be setting forth the state statutes whose constitutionality he is challenging.  For example, in his June 30, 2009 response, plaintiff claims that "[i]t is unlawful for the State of Michigan to prosecute Michigan residents determining consumer decisions."  He contends that "[f]ailing to conceal auto-insurance documents or refusing to use auto-insurance service does not meet any criminal *actus-reus* requirements."  Doc. Ent. 16 at 1 ¶ 1.  Perhaps plaintiff is challenging the validity of the laws of the State of Michigan that require drivers to carry automobile insurance, such as Chapter 31 (§§ 500.3101-500.3179) of the Insurance Code of 1956 which governs "Motor Vehicle Personal and Property Protection."

Also, plaintiff mentions U.S. Const. Art. I § 9, cl. 3 and U.S. Const. Art. I § 10, cl. 1

12

**Eleventh Amendment generally.** The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the Eleventh Amendment expressly prohibits only suits against states by citizens of other states, the Supreme Court has long held that the Eleventh Amendment also bars suits by citizens of the state being sued. *See Hans v. Louisiana*, 134 U.S. 1 (1890); *Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 472-73 (1987) (plurality opinion).

"There are . . . three qualified exceptions to Eleventh Amendment immunity[.]" *Lawson v. Shelby County*, TN, 211 F.3d 331, 334 (6th Cir. 2000). "First, a state may waive the protection of the Amendment by consenting to the suit." *Lawson*, 211 F.3d at 334. "The second exception to the Eleventh Amendment bar is that Congress, under certain provisions of the Constitution,

---

(concerning ex post facto law) and what appears to be the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. §§ 1961-1968), alleging that "[t]he *State of Michigan* has reached its constitutional limits[.]" Doc. Ent. 16 at ¶ 2.

Perhaps plaintiff is also challenging the adequacy of Chapter 20, "Unfair and Prohibited Trade Practices and Frauds," (Mich. Comp. Laws §§ 500.2001-500.2093) of the Insurance Code of 1956, as plaintiff alleges that "[t]he law does not protect consumer affairs concerning *age* and *zip code*." Doc. Ent. 16 ¶ 3. Furthermore, plaintiff may be alleging that the State of Michigan should amend the Uniform Commercial Code (Mich. Comp. Laws §§ 440.1101 et seq.) "to allow auto-indemnification whenever a motor-vehicle moving violation or a request for a writ of execution court order is ruled against *no-fault* or *at-fault parties*." Doc. Ent. 16 ¶ 4. Moreover, plaintiff suggests that the State of Michigan could "amend parking/standing creditor indemnification under *crimes against property* ordinance, amend criminal debtor community service or correction policy to prosecute criminal detainees for damages and allow Michgian State Police to have more jurisdiction to enforce [Chapter LXX, "Public Offices and Officers," (Mich. Comp. Laws §§ 750.478-750.490a) of the Michigan Penal Code]." Doc. Ent. 16 ¶ 5.

Finally, plaintiff claims that "Michigan residents are responsible for [e]ffectively using proper police service; Michigan Municipal Corporations are responsible for accurate police administration policy and unnecessary criminal statistics." Doc. Ent. 16 ¶ 6.

may abrogate the sovereign immunity of the states through statute." *Id.* "Under the third exception, a federal court may enjoin a 'state official' from violating federal law." *Id.* at 335 (citing *Ex parte Young*, 209 U.S. 123 (1908)).[18]

**Conclusion.** The Court should grant defendant State of Michigan's Fed. R. Civ. P. 12(b) motion to dismiss, because the defendant State of Michigan is immune from suit for damages or injunctive relief in this Court absent consent. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Alabama v. Pugh*, 438 U.S. 781 (1978) ("[S]uit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Michigan] has consented to the filing of such a suit."); *Abick v. State of Michigan*, 803 F.2d 874, 876 (6th Cir. 1986) ("Michigan and its agency, the State Judicial Council, under the eleventh amendment, are immune from an action for damages or injunctive relief in federal court.") (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 97-98 (1984)); *Alia v. Michigan Supreme Court*, 906 F.2d 1100, 1105-1106 (6th Cir. 1990); *Pennhurst State School & Hospital*, 465 U.S. at 99 ("a State may consent to suit against it in federal court.").

---

[18]This is a limited exception to the Eleventh Amendment bar for suits against state officers in their official capacities which seek only prospective relief. To come within this exception, the relief sought by the plaintiff must (1) remedy a continuing violation of federal law; and (2) properly be characterized as prospective. *See Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635, 645 (2002); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996).

Also, to the extent plaintiff's complaint is brought under the federal civil rights statute, the Supreme Court held that "a State is not a person within the meaning of § 1983." *Will*, 491 U.S. at 64. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Will*, 491 U.S. 58, 66 (1989) (internal citation omitted).

**b.      Defendant's alternative Fed. R. Civ. P. 12(e) motion for a more definite statement should be deemed moot.**

As for defendant's alternative Rule 12(e) motion, defendant contends that "Plaintiff's allegations are so vague and ambiguous that Defendant cannot reasonably frame a response." Doc. Ent. 3 at 3 ¶¶ 5, 6. In support of its Fed. R. Civ. P. 12(e) motion, defendant "seeks to know what jurisdictional basis the Plaintiff has in bringing the case. Rather than page after page of opinion and legal history Defendant wants a statement of the claim it can understand." Doc. Ent. 3 at 10.

Fed. R. Civ. P. 12 provides in part that "[a] party may move for a more definite statement of a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e) (emphasis added).

"Whether to grant a Rule 12(e) motion is within the discretion of the trial court." *Babb v. Bridgestone/Firestone*, 861 F.Supp. 50, 52 (M.D. Tenn. 1993) (citing 5 Wright & Miller, Federal Practice & Procedure, § 1217 (1990)).  District courts have a "supervisory obligation to *sua sponte* order repleading pursuant to [Fed. R. Civ. P. 12(e)] when a shotgun complaint fails to link adequately a cause of action to its factual predicates."  *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006).  *See also Covington v. Cole*, 528 F.2d 1365, 1373 (5th Cir. 1976) ("the court, sua sponte, might require the defendants to formulate and serve a motion for a more definite statement on petitioner under Rule 12(e), F.R.Civ.P., in an effort to ascertain the facts for use in proceedings short of trial.").  Furthermore, it has been stated in the context of a 42 U.S.C. § 1983 action that "before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively."  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citation omitted).[19]

In response to defendant's Fed. R. Civ. P. 12(e) argument, plaintiff states that "[t]he defendant is a law expert to understand U.S./Michigan equal protection clause has conjunction to

---

[19]*See also Barreto v. Dillon*, No. 06-0962-CV, 2007 WL 4102742, *1 (2d Cir. Nov. 19, 2007) ("a pro se plaintiff should be afforded an opportunity to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.") (citing, *inter alia*, 28 U.S.C. § 1915(e)(2)(B)(ii)); *Dopp v. Loring*, 54 Fed. Appx. 296, **2 (10th Cir. 2002) ("The district court, therefore, erred in dismissing plaintiff's complaint with prejudice without first giving him an opportunity to amend his complaint to cure any deficiencies."); *Stanko v. Fisher*, No. 94-35503, 1995 WL 72398 (9th Cir. Feb. 22, 1995) (in a 42 U.S.C. § 1983 case, "[b]efore dismissing a complaint for failure to state a claim, the district court should notify the pro se plaintiff of the complaint's deficiencies and provide the plaintiff an opportunity to amend.") (citation omitted).

prohibit prejudice doctrine against *due-process-of-law* and *statutory law* obstructing implementation." Doc. Ent. 7 at 3 ¶ 3. It is not clear what plaintiff means by this sentence.

Nonetheless, if the Court agrees with my foregoing recommendation that defendant's Fed. R. Civ. P. 12(b) motion should be granted on the basis that the State of Michgian is immune from suit, then defendant's alternative request for a more definite statement is moot.

**c.     Any future action against state officials must be filed in accordance with the Federal Rules of Civil Procedure and applicable statutes.**

As noted above, it is clear that plaintiff cannot maintain a suit against the State of Michigan without its consent. However, plaintiff may have a cause(s) of action against certain state officials.[20]

In the event plaintiff intends to file a lawsuit against state officials, he should be cautioned. First, the complaint must comply with Fed. R. Civ. P. 8(a). Rule 8(a) provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a) ("Claim for Relief.").

Ideally, a complaint clearly sets forth, among other things, (1) the identification of each defendant; (2) a statement of jurisdiction, such as 28 U.S.C. §§ 1331 ("Federal question") or 28

_____

[20]Perhaps plaintiff intended to name one or more state officials as defendants in this case. For example, one of the legal theories listed in plaintiff's complaint alleges that the Office of the Governor of the State of Michigan, the Michgian Insurance Commissioner and the Michigan Secretary of State have abridged certain rights. Doc. Ent. 1 at 7. Also, it appears that plaintiff served the Michigan Department of Attorney General and Governor Granholm with a copy of the summons and complaint by certified mail on May 11, 2009. Doc. Ent. 6 at 3.

U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs"), and possibly 28 U.S.C. § 1367 ("Supplemental jurisdiction");[21] (3) a statement of facts; (4) delineated causes of action, including names of the defendant(s) against whom the counts are brought and the legal bases (statutory or otherwise) for the causes of action; (5) and a claim for relief.[22]  This list is not exhaustive, but a pleading organized in this fashion would assist the Court in accurately determining the bases of plaintiff's claims and the type of relief he seeks.

Second, any such complaint may be subject to a Fed. R. Civ. P. 12(b)(6) motion to dismiss pursuant to the standards recently discussed in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009).  Third, the filing of a complaint must take place within the statute of limitations applicable to the causes of action therein.

Fourth, state officials can still be immune from some forms of suit.  Therefore, a complaint against state officials should specify whether defendants are being sued in their individual and/or official capacities.

─────────────────────

[21]In this case, plaintiff's intended basis for jurisdiction was not clear.  For example, he may have intended to file his May 11, 2009 complaint on the basis of diversity of citizenship.  He cites to 28 U.S.C. § 1332.  Doc. Ent. 1 at 1 ¶ 3.  Also, the Civil Cover Sheet lists the basis of jurisdiction as diversity.  Doc. Ent. 1 at 47.

However, the Civil Cover Sheet also acknowledges that plaintiff and defendant are citizens of the same state and that this suit concerns the Constitutionality of State Statutes.  Doc. Ent. 1 at 47.  Also, plaintiff's legal theories mention, among other things, his federal constitutional rights.  Doc. Ent. 1 at 7.  These observations suggest that jurisdiction might be based upon federal question, 28 U.S.C. § 1331.  In fact, the Civil Cover Sheet describes the nature of the lawsuit as challenging the constitutionality of state statutes.  Doc. Ent. 1 at 47.  If this is the case, then plaintiff may have intended to simultaneously maintain state law causes of action.  *See* 28 U.S.C. § 1367 ("Supplemental jurisdiction").  This observation is supported by plaintiff's attachment of supplemental jurisdiction research.  Doc. Ent. 11 at 6.

[22]*See also* E. D. Mich. LR 9.1(a) ("Notation of 'Jury Demand' in the Pleading.") ("If a party demands a jury trial by endorsing it on a pleading, as permitted by Fed. R. Civ. P. 38(b), a notation shall be placed on the front page of the pleading, to the right of the caption, stating 'Demand For Jury Trial' or an equivalent statement.").

For example, in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will*, 491 U.S. at 71 (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). "As such, it is no different from a suit against the State itself." *Id.* Ultimately the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. 58, 71 (1989). *See also*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham*, 473 U.S. 159, 166-67 (1985). However, plaintiff may seek injunctive relief from a state official sued in his or her official capacity. *Will*, *supra*, 491 U.S. at 71 n. 10.

On the other hand, plaintiff may sue state officials for damages in their personal capacities, because 'state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts." *Hafer v. Melo*, 502 U.S. 21, 31 (1991). Therefore, a Court should only consider claims against state officials insofar as they are sued in their personal capacities to the extent that plaintiff seeks monetary damages.

Finally, in *Blosser v. Land*, No. 2:07-cv-11781, 2008 WL 795748 (E.D. Mich. Mar. 25, 2008) (Duggan, J.), plaintiff challenged Mich. Comp. Laws § 257.732a. My report recommended that plaintiff had failed to state a claim that the statute constituted an excessive fine prohibited by the Eighth Amendment or that the statute effected a denial of property without due process of law. *Blosser*, 2008 WL 795748 at *8-*11. Judge Duggan found no error in this report and granted defendants' motion to dismiss. *Id*. at *2. *See also Blosser v. Land*, No. 08-

1529 (6th Cir. Jan. 14, 2009) (affirming district court's dismissal of the complaint for failure to state a claim).

### 2. Plaintiff's June 11, 2009 Motion for Summary Judgment (Doc. Ent. 10) should be denied.

**a.** In his one-page Fed. R. Civ. P. 56(a)(1) motion for summary judgment, plaintiff characterizes his lawsuit as one challenging the constitutionality of state statutes. Doc. Ent. 10 ¶ 1a. *See also* Doc. Ent. 1 at 47 (Civil Cover Sheet). It appears that plaintiff served the Michigan Department of Attorney General and Governor Granholm with a copy of the summons and complaint by certified mail on May 11, 2009 (Doc. Ent. 6 at 3), and that the materials were received at the Lansing, Michigan Post Office on May 12, 2009. Doc. Ent. 11 at 2-3. In his motion, plaintiff claims that defendant State of Michigan "was served . . . on May 12, 2009 and answered before June 10, 2009."[23] Doc. Ent. 10 at 1 ¶ 1b.

In its response, defendant claims that its June 4, 2009 dispositive motion "is a totally appropriate response to Plaintiff's complaint. No challenge was made to the constitutionality of state statutes." Doc. Ent. 14 at 2 ¶ 5. Instead, defendant explains, its motion focuses "on the jurisdiction of the court over the State defendant and Plaintiff's failure to state a claim for relief."[24] It argues that "[p]laintiff failed to prove or even allege there is no genuine issue as to a material fact." Doc. Ent. 14 at 5. Referring to plaintiff's complaint (Doc. Ent. 1), defendant's June 4th motion (Doc. Ent. 3), and the motions plaintiff filed on June 11th (Doc. Entries 8, 9, 10), defendant argues, "there were no other pleadings filed in this case; certainly no admissions,

---

[23]Assistant Attorney General Michael F. Murphy filed an appearance on May 20, 2009. Doc. Ent. 2. Mr. Murphy filed a motion on behalf of the defendant State of Michigan on June 4, 2009. Doc. Ent. 3. On June 10, 2009, defense counsel entered her appearance. Doc. Ent. 5.

[24]*See* Doc. Ent. 3 at 7, 7-9.

depositions, or affidavits." Furthermore, defendant notes, "Plaintiff submitted no affidavits, factual evidence or argument supporting his motion for summary judgment." Doc. Ent. 14 at 6.

In reply, plaintiff alleges that defendant's response and brief in support are ambiguous. Doc. Ent. 17. First, plaintiff objects to defendant's response that its June 4, 2009 motion is an appropriate response to the complaint and that its motion does not challenge the constitutionality of state statutes. Doc. Ent. 17 at 1 ¶ 1. Second, characterizing his May 11, 2009 complaint and his June 30, 2009 response (to defendant's June 4, 2009 dispositive motion) as "definite statement[s] with facts and exhibits[,]" plaintiff claims that "defendant is responsible for complying with its revision and repeal rules within jurisdiction." Doc. Ent. 17 at 1 ¶ 2. Third, plaintiff appears to claim he did not file a motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c), because defendant contested plaintiff's allegations in the June 4, 2009 motion to dismiss. Doc. Ent. 17 at 1 ¶ 3. Fourth, referring to the "Summons and Complaint Return of Service" filed with the Court on June 11, 2009 (Doc. Ent. 6), plaintiff claims that "[c]ommencement of service on May 12, 2009 to June 11, 2009, is complying with [Fed. R. Civ. P. 6] and [Fed. R. Civ. P. 56(a)(1)]." Doc. Ent. 17 at 1 ¶ 4. Finally, plaintiff claims: "U.S. federal courts will not reprehend admissible facts to allow *vague laws* or *judicial retroactive lawmaking* to rule within U.S. court jurisdictions. U.S. district courts can use either *exclusive* or *supplemental jurisdiction* over a party under certain civil or criminal circumstances using a *vague-for-vagueness doctrine*." Doc. Ent. 17 at 1 ¶ 5.[25]

---

[25]Also, plaintiff requests that the Court sustain his June 11, 2009 motions (Doc. Entries 8, 9, 10), his June 30, 2009 reply (Doc. Ent. 16) and the relief sought by his May 11, 2009 complaint (Doc. Ent. 1 at 8). Doc. Ent. 17 at 2.

**b.**     Fed. R. Civ. P. 56 governs summary judgment.  With respect to such a motion by the claiming party, the rule provides:

> A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.  The motion may be filed at any time after:
>
> (1)     20 days have passed from commencement of the action; or
> (2)     the opposing party serves a motion for summary judgment.

Fed. R. Civ. P. 56(a).[26]

With respect to time, Fed. R. Civ. P. 56(c) states, in pertinent part, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

**c.**     The Court should deny plaintiff's June 11, 2009 Rule 56 motion if it agrees with my foregoing recommendation that defendant State of Michigan is immune from suit.  This is so, because plaintiff would not be entitled to summary judgment against a defendant who is immune from suit.

Additionally, I note that it appears plaintiff is challenging the timeliness of defendant's June 4, 2009 motion.  Defendant was required to serve an answer "within 20 days after being

---

[26]This is the version of Fed. R. Civ. P. 56(a) which was in effect at the time plaintiff filed his motion.  As of December 1, 2009, the text of this subsection states: "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim."  Fed. R. Civ. P. 56(a).  Also, the text of Fed. R. Civ. P. 56(c) now provides in part that "[t]hese times apply unless a different time is set by local rule or the court orders otherwise:  (A) a party may move for summary judgment at any time until 30 days after the close of all discovery; (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and (C) the movant may file a reply within 14 days after the response is served."  Fed. R. Civ. P. 56(c)(1).

served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). If defendant received the complaint on May 12, 2009 (Doc. Ent. 14 at 2 n.1), then, in the absence of a waiver of service, defendant's answer was due on June 4, 2009. *See* Fed. R. Civ. P. 5(b)(2)(C), Fed. R. Civ. P. 6(d). Therefore, defendant's motion was timely.[27]

Furthermore, I note that, although the timing of plaintiff's motion was appropriate under Fed. R. Civ. P. 56(a)(1), plaintiff has not satisfied the burden required of him under Fed. R. Civ. P. 56(c). Where "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F.Supp. 1325, 1335 (D. Colo. 1997); *see also*, *United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991); *Resolution Trust Corp. v. Gill*, 960 F.2d 336, 340 (3d Cir. 1992). In other words, in such a case the movant "must satisfy both the initial burden of production on the summary judgment motion–by showing that no genuine dispute exists as to any material fact–and the ultimate burden of persuasion on the claim–by showing that it would be entitled to a directed verdict at trial." William W. Schwarzer, et al., *The Analysis and Decision of Summary Judgment Motions*, 139 F.R.D. 441, 477-78 (1991). "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes

---

[27]To the extent, if at all, plaintiff was challenging the timeliness of defendant's June 4, 2009 motion under Rule 56, the pre-December 1, 2009 version of Fed. R. Civ. P. 56(a) applied to the claiming party, *i.e.*, the plaintiff. The pre-December 1, 2009 version of Fed. R. Civ. P. 56(b) provided that "[a] party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

forward with probative evidence that would demonstrate the existence of a triable issue of fact." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003).

Plaintiff has not shown the absence of a genuine issue of material fact. Defendant is correct that plaintiff's June 11, 2009 motion for summary judgment, itself (Doc. Ent. 10 at 1 ¶¶ 1a, 1b), "provide[s] no facts, argument or affidavit supporting his motion for summary judgment[,]" and "fails to allege there are no material factual issues in dispute." Doc. Ent. 14 at 5. Even the exhibits plaintiff filed the same day as his Rule 56 motion consist only of proof of service materials, the civil cover sheet and legal research materials. Doc. Ent. 11 at 1-3, 4, 5-13.

Furthermore, plaintiff's complaint did not assist him in satisfying his burden under Fed. R. Civ. P. 56(c). As mentioned above in Section II.B, interpreting plaintiff's complaint (Doc. Ent. 1) was not without questions. Perhaps, as mentioned in a Section II.D.1 footnote, plaintiff's second response (Doc. Ent. 16) was plaintiff's effort at clarifying the claims in his complaint. However, "the plaintiff is the master of the complaint[,] [and] that is why he must take responsibility for the allegations included in it." *Segal v. Fifth Third Bank*, N.A., 581 F.3d 305, 312 (6th Cir. 2009) (quotations omitted). *See also Alexander v. Electronic Data Systems Corp.*, 13 F.3d 940 (6th Cir. 1994) ("The well-pleaded complaint rule generally provides that the plaintiff is the master of his complaint, and the fact that the wrong asserted could be addressed under either state or federal law does not ordinarily diminish the plaintiff's right to choose a state law cause of action.") (citing cases); *Medlen v. Estate of Meyers*, 273 Fed.Appx. 464, 466 (6th Cir. 2008) ("because a plaintiff is the master of his complaint, he can generally choose to avoid federal jurisdiction by asserting only state law claims.") (citing cases); *NicSand, Inc. v. 3M Co.*,

507 F.3d 442, 458 (6th Cir. 2007) ("The plaintiff remains the master of its complaint, and when it says that it is not bringing a predatory-pricing claim, we should take it at its word.").

3.    **Plaintiff's December 10, 2009 motion for TRO (Doc. Ent. 21) should be denied.**

On December 10, 2009, plaintiff filed a motion for entry of a temporary restraining order against defendant State of Michigan based upon Fed. R. Civ. P. 65(b)(1)(A).  Doc. Ent. 21. Plaintiff characterizes his case as challenging the constitutionality of state statutes.  Doc. Ent. 21 at 1 ¶ 1.  According to plaintiff, defendant "uses immunity for economic retroactive law making and allowing its Municipal Corporations to use immunity for economic retroactive law enforcement."  Doc. Ent. 21 at 1 ¶ 2.  Plaintiff appears to seek a temporary restraining order preventing the State of Michigan Department of State from enforcing its July 27, 2009 order of action regarding plaintiff's Driver Responsibility Fee assessment and prohibiting "motor-vehicle bench warrant harassment."  Doc. Ent. 21 at 1 ¶ 3.  Perhaps referencing *Fleming v. United States Federal Bureau of Investigation and Henry Ford Community College*, Case No. 2:09-cv-13449-MOB-MAR , plaintiff further claims he "was not able to receive grade progress credit from course schedule assignments due by December 07, 2009 at 11:55 p.m." in his Business Math course at Henry Ford Community College.  Doc. Ent. 21 at 1 ¶ 4, 7-8.<sup>28</sup>

Plaintiff's request for a temporary restraining order should be denied.  Fed. R. Civ. P. 65(b)(1)(A) provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: . . . specific facts in an affidavit or a

---

<sup>28</sup>Plaintiff's assignment regarding Taxes and Insurance was due on Monday, December 7th by 11:55 p.m.  Doc. Ent. 21 at 8.

verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]"

Aside from my conclusion that defendant State of Michigan is immune to suit, plaintiff's complaint is not signed under penalty of perjury. Doc. Ent. 1 at 1, 8-10; 28 U.S.C. § 1746 ("Unsworn declarations under penalty of perjury"). Nor is the instant motion for temporary restraining order signed under penalty of perjury. Doc. Ent. 21 at 1.

Furthermore, I note that plaintiff filed this request on December 10, 2009 - a date following his December 5-8, 2009 confinement. To the extent plaintiff seeks to enjoin the State from executing its July 27, 2009 Order of Action (Doc. Ent. 21 at 1 ¶ 3), the December 8, 2009 notice of release indicates that the "[f]ine and costs have been paid/suspended." Doc. Ent. 21 at 6. To the extent plaintiff seeks to prohibit "motor-vehicle bench warrant harassment[,]" Doc. Ent. 21 at 1 ¶ 3, the October 31, 2008 bench warrant provides that plaintiff was to be brought "before the Court immediately, or [he] may be released when a cash or surety bond in the amount of $270.00 CS NO 10% is posted for personal appearance before the Court at its next session." Doc. Ent. 1 at 46. If in fact plaintiff has paid the fee, it does not appear that the bench warrant will result in further "harassment" to plaintiff. Finally, to the extent plaintiff seeks "grade progress credit" in his Business Math Course at Henry Ford Community College (Doc. Ent. 21 at 1 ¶ 4), the college is not a party to this case.

In sum, plaintiff has not made the case that he would suffer "immediate and irreparable injury, loss, or damage[.]" Fed. R. Civ. P. 65(b)(1)(A).

**4.      Defendant's December 21, 2009 motion to dismiss amended statement of claim (Doc. Ent. 25) should be deemed moot.**

On December 10, 2009, plaintiff filed a one-page "amended statement of claim." Doc. Ent. 22. It appears that plaintiff seeks to amend his complaint to add (1) a statement of jurisdiction, noting that his $950,949.48 request for damages exceeds the $75,000 amount in controversy required by 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs); (2) a claim of relief for receiving a grade of "C" in his Fall 2009 Business Math course at Henry Ford Community College;[29] and (3) a statement of venue based upon 28 U.S.C. § 1391 ("Venue generally").

It also appears that plaintiff seeks to elaborate on the basis for his complaint. Plaintiff claims that defendant State of Michigan "uses immunity within its jurisdiction that lacks concurrence to prosecute operators in Michigan before and after the year of 1956." Plaintiff contends that "[a]ny motor-vehicle operator is not held responsible for auto-insurance *presumption of risk* for personal property damages." Plaintiff requests that this Court "not use prejudice against a claim demanding from the State of Michigan that choose[s] not to amend ratifying more economic statutory rights from [the Uniform Commercial Code (Mich. Comp. Laws §§ 440.1101 et seq.)] and [Chapter 20 of the Insurance Code of 1956 (Mich. Comp. Laws §§ 500.2001-500.2028)]."

Defendant responded by filing a motion to dismiss plaintiff's amended statement of claim. Doc. Ent. 25. Relying upon its June 4, 2009 motion to dismiss or in the alternative motion for more definite statement (Doc. Ent. 3), defendant claims that plaintiff has not stated a claim upon which relief may be granted. Specifically, defendant State of Michgian claims it "is

---

[29]*See United States Federal Bureau of Investigation and Henry Ford Community College*, Case No. 2:09-cv-13449-MOB-MAR (Aug. 31, 2009), Doc. Ent. 18 (Transcript) at 7.

not subject to federal jurisdiction resulting from a lawsuit by one of its own citizens." Doc. Ent. 25 at 1-2. In support of its argument, defendant cites Fed. R. Civ. P. 12(b)(1) & (2), the Eleventh Amendment and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Also, defendant notes that plaintiff seeks money damages against defendant State of Michigan and "[j]urisdictional immunity has not been waived." Doc. Ent. 25 at 2.

If the Court accepts my foregoing recommendation that the State of Michigan's June 4, 2009 Rule 12(b) motion should be granted on the basis that defendant State of Michigan is immune from suit, then the Court need not entertain whether plaintiff's December 10, 2009 amended statement of claim (Doc. Ent. 22) against the same defendant should be dismissed.

**5.    Plaintiff's December 28, 2009 motion for a more definite statement for nature of suit & temporary restraining order (Doc. Ent. 26) should be denied.**

**a.**    Plaintiff's December 28, 2009 filing seeks "a relevant answer[,]" citing Fed. R. Civ. P. 12(e). Plaintiff appears to take issue with defendant's December 21, 2009 motion to dismiss (Doc. Ent. 25) plaintiff's December 10, 2009 amended statement of claim (Doc. Ent. 22).

For example, plaintiff contends that defendant seeks immunity from personal jurisdiction.[30] Also, plaintiff contends that defendant's reliance on *Pennhurst* (Doc. Ent. 25 at 2) is an insufficient defense. In so doing, he mentions Chapter 20, "Unfair and Prohibited Trade Practices and Frauds," (Mich. Comp. Laws §§ 500.2001-500.2093) of the Insurance Code of

---

[30]"[G]eneral personal jurisdiction . . . requires that the defendant have 'continuous and systematic' contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Silent Drive, Inc. v. Strong Industries, Inc.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003) (citing cases). "Specific personal jurisdiction must be based on activities that 'arise[ ] out of' or 'relate [ ] to' the cause of action and can exist even if the defendant's contacts are 'isolated and sporadic.'" *Silent Drive, Inc.*, 326 F.3d at 1200 (citing cases). A motion challenging the Court's personal jurisdiction over a defendant may be filed under Fed. R. Civ. P. 12(b)(2).

1956, apparently challenging its constitutionality.[31]  He also argues that states are not immune to

28 U.S.C. § 535 ("Investigation of crimes involving Government officers and employees;

limitations") and 42 U.S.C. § 14141 ("Cause of action") and "are responsible for damages for

other circumstances."  Furthermore, plaintiff notes, his complaint states, "[s]ince *April 01, 1977*,

the State of Michigan refused to protect any Michgian resident for '*any*' unlawful practice under

[Insurance Code of 1956 (Mich. Comp. Laws §§ 500.2001-500.2028)]."  Doc. Ent. 1 at 5 ¶ 8.

Plaintiff argues that "[t]he word *any* is interpreted to describe an auto-insurance commercial

enterprise seeking other excuses to increase auto-rates for other circumstances."  Doc. Ent. 26 at

1.

Plaintiff refers to his recent endurance of "incarceration from failure of proof for auto-

insurance matters within the State of Michigan."  According to plaintiff, defendant State of

Michigan "still allows its Municipal Corporations to use immunity against *fruit-of-the-

poisonous-tree-doctrine* [U.S. national exclusionary rule]."  In the end, plaintiff "prays that this

court sustain the merits of [his] claims and motions."  Doc. Ent. 26 at 2.

---

[31]It appears that plaintiff makes this allegation, because the "subject matter" at issue in
*Pennhurst State School & Hospital* (Pennsylvania's Mental Health and Mental Retardation Act of
1966 ) is not the subject matter at issue in the instant case (challenging the constitutionality of
Chapter 20 of Michigan's Insurance Code of 1956).  Doc. Ent. 26 at 1 ¶ 1a.
    However, "[s]ubject-matter jurisdiction means adjudicatory competence over a category of
disputes." *Wisconsin Valley Imp. Co. v. United States*, 569 F.3d 331, 333 (7th Cir. 2009).  *See also
Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 160 n.5 (1st Cir. 2007) ("Subject matter
jurisdiction means that the court has the power to hear and adjudicate the case."); *Gould, Inc. v.
United States*, 67 F.3d 925, 929 (Fed. Cir. 1995) ("A dismissal for lack of jurisdiction means that
the subject-matter of the dispute is one that the court is not empowered to hear and decide.").  "[A]
lack of subject-matter jurisdiction means that the entire complaint must be dismissed[.]" *Beazer
East, Inc. v. Mead Corp.*, 525 F.3d 255, 260 n.7 (3d Cir. 2008).  A motion challenging the Court's
subject matter jurisdiction may be filed under Fed. R. Civ. P. 12(b)(1).

In response, defendant argues that "[p]laintiff's pleading entitled motion for more definite statement for nature of suit and for TRO should be denied[,]" noting that the "[r]elief sought by [p]laintiff's motion is confusing and ambiguous but appears to relate to alleged actions by local units of government and officials, not the state." Doc. Ent. 27 at 5-6. Defendant also argues that its "previously filed motions to dismiss [Doc. Entries 3 (June 4, 2009) and 25 (Dec. 21, 2009)] should be granted." Doc. Ent. 27 at 6-7.

**b.** The Court should deny plaintiff's December 28, 2009 motion for a more definite statement and temporary restraining order. This is so, because if the Court agrees with my foregoing recommendation that defendant State of Michigan is immune from suit by a citizen, then the Court need not entertain whether plaintiff is entitled to a more definite statement from or a temporary restraining order against that same defendant. Likewise, if the Court accepts my recommendation and deems moot defendant's December 21, 2009 motion to dismiss (Doc. Ent. 25) plaintiff's December 10, 2009 amended statement of claim (Doc. Ent. 22), then the Court need not address plaintiff's challenges to defendant's December 21, 2009 motion.[32]

Also, to the extent plaintiff seeks entry of a Fed. R. Civ. P. 65(b) temporary restraining order, the bases for plaintiff's request are not clear. Furthermore, to the extent plaintiff's December 28, 2009 filing (Doc. Ent. 26) sought to respond to defendant's motion to dismiss

---

[32]Both the June 4, 2009 motion to dismiss (Doc. Ent. 3 at 2, 5, 9) and the December 21, 2009 motion (Doc. Ent. 25 at 2) mention "jurisdictional immunity." Also, both of these motions cite the Eleventh Amendment and *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). In its January 11, 2010 response, defendant explains that "[t]he immunity defense contained within the Defendant's pleadings is solely that relating to the State of Michigan, not any of the additional entities referenced in plaintiff's subsequent pleadings." Doc. Ent. 27 at 2 n.3.

plaintiff's amended statement of claim (Doc. Ent. 25), plaintiff's "motion" should have been filed as a response.

Finally, to the extent plaintiff's December 28, 2009 filing seeks a more definite *answer*, plaintiff's motion should be denied. Fed. R. Civ. P. 12 provides in part that "[a] party may move for a more definite statement of a pleading *to which a responsive pleading is allowed* but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e) (emphasis added).

However, Fed. R. Civ. P. 7 provides, "[o]nly these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) *if the court orders one, a reply to an answer*." Fed. R. Civ. P. 7(a) (emphasis added). If plaintiff's motion takes issue with defendant's answer, or, in this case the absence thereof, and because no order has been entered requiring a reply to such an answer, the instant motion cannot be brought. Fed. R. Civ. P. 12(e); Fed. R. Civ. P. 7(a)(7); 5C Fed. Prac. & Proc. Civ.3d § 1376 ("a Rule 12(e) motion is appropriate only when directed to an answer to which a reply is mandatory or already has been ordered by the court.") (citing, inter alia, *Reid v. Doubleday and Co.*, 109 F.Supp. 354, 356 (N.D. Ohio 1952) ("under Rule 12(e) a motion for a more definite statement may be made only to a pleading to which a responsive pleading is permitted, and under Rule 7(a) a responsive pleading is not permitted to the answer unless

ordered by the Court.") and *Citizens Trust Co. v. New England Dredge & Dock Co.*, 260 F.Supp. 800, 801 (D. Conn. 1966)).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).  Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


2/23/10                                    s/Paul J. Komives
                                           PAUL J. KOMIVES
                                           UNITED STATES MAGISTRATE JUDGE

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on February 23, 2010.

s/Eddrey Butts
Case Manager